**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Machinery Solutions, Inc., ) | Civil Action No. 3:15-cv-03447-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Doosan Corporation, Doosan Group, ) | **ORDER AND OPINION** |
| Doosan Infracore, Doosan Infracore ) | |
| America Corporation, Ellison Technologies, ) | |
| Inc., Mitsui & Co., LTD, Mitsui & Co. ) | |
| (USA), Inc. and John Doe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Machinery Solutions, Inc. ("Plaintiff"), filed this action seeking damages and to enjoin Defendants Doosan Corporation, Doosan Group, Doosan Infracore, Doosan Infracore America Corporation, Ellison Technologies, Inc., Mitsui & Co., LTD, Mitsui & Co. (USA), Inc. and John Doe (collectively "Defendants") from terminating their dealership contract with Plaintiff and contracting with another distributor. (ECF No. 1-1.)

This matter is before the court pursuant to Plaintiff's Motion for Temporary Restraining Order, Temporary (or Preliminary) Injunction, and Rule to Show Cause (collectively the "TRO Motion"). (ECF No. 4.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Temporary Restraining Order and Rule to Show Cause. The court holds in abeyance its ruling on Plaintiff's Motion for Preliminary Injunction.

**I.     RELEVANT BACKGROUND TO PENDING MOTION**

Plaintiff alleges that it has had an ongoing contractual relationship since 1997 with Doosan Corporation, Doosan Group, Doosan Infracore, and Doosan Infracore America Corporation. (ECF No. 1-1 at 7 ¶ 17.) On August 24, 2015, Plaintiff received a letter from the

President of Doosan Infracore America Corporation in which he communicated the intent of Doosan Infracore America Corporation to terminate the contractual relationship with Plaintiff. (Id. at 10 ¶ 29 (referencing ECF No. 1-1 at 28–30).)[1]  Thereafter, on August 25, 2015, Plaintiff filed a Complaint and TRO Motion in the Court of Common Pleas for Lexington County, South Carolina.  (ECF Nos. 1-1, 4.)  Doosan Infracore America Corporation removed Plaintiff's action from state court to this court on August 27, 2015, pursuant to 28 U.S.C. § 1332 claiming that "this civil action is 'between citizens of different States' and the amount 'in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[2]  (ECF No. 1 at 2 ¶ 3 (quoting 28 U.S.C. § 1332(a)(1)).)

## II. LEGAL STANDARD AND ANALYSIS

A.     Temporary Restraining Orders Generally

Motions for temporary restraining order are governed by the same general standards that govern the issuance of a preliminary injunction.  Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).  The court's authority to issue preliminary injunctions arises from Fed. R. Civ. P. 65.  However, "[p]reliminary injunctions are not to be granted automatically."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama,

---

[1] "The August 21, 2015 letter attempts to terminate Plaintiff's dealership contract with Defendants Doosan in thirty (30) days."  (ECF No. 1-1 at 10 ¶ 30.)  The thirty (30) day deadline expires on September 20, 2015.

[2] In the Notice of Removal, Doosan Infracore America Corporation stated that (1) Plaintiff had served the Complaint on Ellison Technologies, Inc., which consented to the removal "[u]pon information and belief" and (2) the remaining Defendants had not been served and therefore their consent was not required under 28 U.S.C. 1446(b)(2)(A).  (ECF No. 1 at 3 ¶ 5.)

Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009).  Only after the plaintiff makes a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief may the court consider whether the balance of equities tips in his favor.  See Real Truth, 575 F.3d at 346–47.  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (citing Winter, 555 U.S. at 24).

The court may only grant a TRO, which is issued "without written or oral notice to the adverse party," or a preliminary injunction, after notice to the adverse party, under the strict conditions set forth above.  Fed. R. Civ. P. 65.

B.      The Court's Review

In support of its TRO Motion, Plaintiff relies on the Affidavit of Frank C. Amick, as CEO of Machinery Solutions, Inc. (ECF No. 4-1), the Complaint (ECF No. 1-1) and its exhibits. The court observes that these documents provide factual background/context for the dispute, but they lack the requisite, substantive arguments required by Fed. R. Civ. P. 65 to grant all the relief requested in Plaintiff's TRO Motion.  Therefore, upon consideration of the Complaint, its exhibits, Amick's Affidavit, and the TRO Motion, the court finds that Plaintiff has failed to demonstrate that the aforementioned injunction factors require the court to grant the TRO Motion in its entirety.

### III.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the Motion for Temporary Restraining Order and Rule to Show Cause of Plaintiff Machinery Solutions, Inc. (ECF No. 4.)  The court holds in abeyance its ruling on Plaintiff's Motion for Preliminary

Injunction.[3]  The court instructs Machinery Solutions, Inc. to file any and all documentation supporting a Motion for Preliminary Injunction by 5 p.m. on Friday, September 4, 2015. Defendants shall file any and all documentation in opposition to Plaintiff's Motion for Preliminary Injunction by 5 p.m. on Wednesday, September 9, 2015.  The court will conduct a hearing on the matter of Plaintiff's Motion for Preliminary Injunction on Tuesday, September 15, 2015, at 11:30 a.m.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 31, 2015
Columbia, South Carolina

---

[3] The court observes that Doosan Infracore America Corporation has notice of Plaintiff's TRO Motion.  When an adverse party has notice of a pending motion for temporary restraining order, district courts have been known to convert the motion for temporary restraining order into a motion for preliminary injunction.  See, e.g., Marco Specialties Inc., Legacy Circuit Enters. LLC, C/A No. 3:12-cv-1274-JFA, 2013 WL 178368, at *1 n.1 (D.S.C. Jan. 17, 2013) ("The request for TRO was the subject of a motion in the original state court action.  After removal, LCE received notice of the action and the motion, and this Court converted Marco's motion for TRO into one for a preliminary injunction.")  Therefore, the court finds that in the context of Fed. R. Civ. P. 65, there is enough time to consider Plaintiff's preliminary injunction request and any opposition by Defendant(s) before the expiration of the thirty (30) day period set forth in the August 21, 2015 letter.