# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Machinery Solutions, Inc., | ) | |
| | ) | Civil Action No. 3:15-cv-03447-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Doosan Infracore America Corporation | ) | **ORDER** |
| and Ellison Technologies, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Machinery Solutions, Inc.'s ("MSI") motion to compel discovery. (ECF No. 69.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2016, MSI served Defendants Doosan Infracore America Corporation ("Doosan") and Ellison Technologies, Inc. ("Ellison"), (collectively, "Defendants") with requests for production pursuant to Federal Rule of Civil Procedure 34. On June 27, 2016, Defendants each responded to MSI's requests for production. (ECF Nos. 69-1, 69-2.) MSI asserts that Defendant Doosan "responded with 6 general objections which were to be incorporated into each response and 75 additional objections to the 30 requests spelled out in the [][MSI]'s requests," in addition to a general objection for attorney-client and work-product privileges for all requests. (ECF No. 69 at 1-2.) Defendant Ellison responded similarly with 4 general objections applicable to each response and 32 specific objections. (ECF No. 69-2.)

As of the filing of MSI's motion, although both Defendants indicated that they would continue to supplement their responses, neither Defendant had produced a privilege log, which has frustrated MSI as it has no way of determining whether Defendants' responses are adequate.

(ECF No. 69 at 2-3.) MSI also seeks information related to contracts (including drafts and correspondence) between Defendants, public announcements about the joint venture between Defendants, communications between Defendants or their parent or sister companies regarding altering the distribution system or dealers, communications between Defendants or related parties regarding the purchase of inventory or ownership interest with existing Doosan dealers, investment of funds, documents supporting statements in Doosan's opposition to MSI's motion for temporary injunction, records related to the education or training of Ellison employees related to Doosan products, personnel files of certain Doosan employees, etc. (*Id*. at 4-11.)

Generally, Defendants respond that MSI failed to consult appropriately before filing the motion or at least as to whether the documents produced after the motion was filed address MSI's concerns, that MSI's discovery responses are lacking, and that MSI's requests are overly broad and not proportional to discovery. (ECF Nos. 70 at 1-2, 71 at 1-2.) Defendant Doosan further asserts both Defendants produced over 9,000 documents to MSI, which were beyond the scope of the initial objections by the parties. (ECF No. 71 at 4.) MSI filed a reply addressing the relevance and proportionality factors for the specific document requests at issue. (ECF No. 73.)

## II.     LEGAL STANDARD

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, "information within this scope of discovery need not be admissible in

evidence to be discoverable." *Id.*

Under Rule 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents. Fed. R. Civ. P. 26(b)(5). "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'" AVX Corp. v. Horry Land Co., Inc., C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 264 (D. Md. 2008)).

### III.   ANALYSIS

In the instant case, Defendants made a general objection to MSI's requests on either the basis of attorney-client or work-product privilege. (See ECF Nos. 69-1, 69-2, 70 & 71.) To the extent that Defendants have objected on these bases, Defendants are required to produce an appropriate privilege log. See Fed. R. Civ. P. 26(b)(5). As to MSI's other concerns regarding Defendants' failure to provide adequate responses, given that Defendants produced documents after the filing of MSI's motion (ECF No. 69), the court directs MSI to review those documents and determine whether Defendants have responded adequately to MSI's discovery requests. The court further notes that it has set a hearing for April 11, 2017 at 2:00 p.m. for all pending motions not yet ruled on at the time of the hearing.

### IV.   CONCLUSION

In light of the foregoing, the court **GRANTS** Plaintiff MSI's motion to compel (ECF No.

69) insofar as it requests Defendants to provide a privilege log and adequate responses to discovery requests, but **DENIES** the motion without prejudice insofar as Defendants have produced adequate discovery responses to any of MSI's requests. Defendants are ordered to produce an appropriate privilege log for the documents requested in MSI's motion to compel (ECF No. 69) and **ORDERS** Defendants to produce a privilege log on or before April 7, 2017. MSI is ordered to provide a letter to the court by April 10, 2017, at 12:00 p.m. identifying any outstanding concerns about Defendants' document production related to ECF No. 69, which will be addressed at the hearing on April 18, 2017. The court will rely upon the arguments the parties have previously set forth in their motion and responses, and any arguments made in oral argument.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 30, 2017
Columbia, South Carolina

4