# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Machinery Solutions, Inc., ) | Civil Action No. 3:15-cv-03447-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Doosan Infracore America Corporation, ) | |
| and Ellison Technologies, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Machinery Solutions, Inc. ("MSI" or "Plaintiff"), filed this action seeking damages from Defendant Doosan Infracore America Corporation ("Doosan") for terminating its dealership contract with MSI and for contracting with another distributor, Ellison Technologies, Inc. ("Ellison"). (See generally ECF No. 37.)

This matter is before the court by way of Doosan's Motion to Compel Discovery filed on October 13, 2017. (ECF No. 154.) MSI opposes Doosan's Motion in its entirety. (ECF No. 164.)

## I. RELEVANT BACKGROUND TO PENDING MOTION

On March 16, 2017, Doosan served Second Request(s) for Production of Documents on MSI. (ECF No. 154-1.) On May 26, 2017, MSI provided Doosan with responses to the Second Request(s) for Production of Documents. (ECF No. 154-2.) Upon review of MSI's discovery responses and/or objections, Doosan found deficient MSI's Responses to Requests Nos. 1, 2, 4, 5, 23, 32, 33 and 64. (ECF No. 154-5 at 5–10.) In addition, Doosan concluded that MSI had failed "to identify by Bates number the documents responsive to Request Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77." (ECF No. 154 at 4 (referencing ECF No. 154-5 at 10–11).) After the parties were unable to resolve the discovery dispute resulting from the alleged

deficiencies in MSI's production, Doosan timely filed a Motion to Compel on October 13, 2017.[1] (Id.) On November 3, 2017, MSI filed its Memorandum in Opposition to Doosan's Motion to Compel. (ECF No. 164.)

## II. JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. MSI is a corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (ECF No. 37 at 1 ¶ 1.) Doosan is incorporated in the State of New York and Ellison is incorporated in the State of Delaware. (Id. at 2 ¶¶ 5 & 7; see also ECF No. 1 at 2–3.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with MSI's representation. (ECF No. 37 at 3 ¶ 11.)

## III. LEGAL STANDARD

A.  Discovery Generally

Amended Rule 26 of the Federal Rules of Civil Procedure[2] provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l

---

[1] In accordance with Local Civil Rule 37.01(A) (D.S.C.), the parties agreed that Doosan had until October 13, 2017, to file its Motion to Compel regarding the Second Requests for Production. (See ECF Nos. 154 at 1 n.1 & 165-1.)

[2] The court observes that the Supreme Court entered an order on April 29, 2015, stating that these amendments should be applied to cases filed before December 1, 2015, insofar as it is just and practicable. The court finds that it is just and practicable to apply the rules as amended in this case.

Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.   Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

C.   Production Under Rule 34

Under Rule 34, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; . . . ." Fed. R. Civ. P. 34(b)(2)(E)(i). "While the party producing 'cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents,'

the plain language of Rule 34 makes clear that 'a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.'" Williams v. Taser Int'l, Inc., C/A No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006) (citations omitted). However, if a party elects to produce documents "as they are kept in the usual course of business," the producing party "bear[s] the burden of showing that the documents were in fact produced in that manner." Id. (citation omitted).

Moreover, the recipient of documentation is entitled to be able to perform a meaningful review of the documents. See, e.g., Wagner v. Dryvit Sys., Inc., 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("[P]roducing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34"); Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 2002, Cook Cnty., Ill. v. Admiral Heating & Ventilating, Inc., 104 F.R.D. 23, 36 n.20 (N.D. Ill. 1984) ("[T]he burden to a stranger of rummaging through what may be massive job files to find the 'smoking gun,' . . . justifies placing the burden on the discovered rather than the discovering party."); Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976) ("The defendant may not excuse itself from compliance with Rule 34 . . . by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition.").

## IV.    ANALYSIS

A.    <u>Overview of Discovery</u>

The court adheres to the basic premise that the scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case. E.g., Gordon v. T.G.R. Logistics, Inc., Case No.

16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" Wilson v. Decibels of Or., Inc., Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted). A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." Wilson, 2017 WL 1943955, at *5 (quoting Jones v. Commander, Kan. Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993)). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

With the foregoing as a backdrop, Doosan has filed a Motion to Compel seeking (1) responses to its Second Requests for Production Nos. 1, 2, 4, 5 and 23[3]; and (2) the Bates stamp numbers for documents responsive to Second Requests for Production Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77. (ECF No. 154 at 4.) MSI opposes the instant Motion. Upon review and consideration of the parties' respective positions, the court adjudicates each disputed discovery request as follows:

---

[3] The court observes that Doosan had also identified deficiencies in MSI's Responses to Requests Nos. 32, 33 and 64. (ECF No. 154-5 at 10.) However, Doosan did not make any arguments seeking to compel additional responses to these Requests.

B.  Second Set of Requests for Production

**Request for Production No. 1:** All Documents concerning MSI's decision not to enter into a business relationship with a Manufacturer or a Manufacturer's decision not to enter into a business relationship with MSI.

(ECF No. 154-1 at 13.)

The Court's Ruling: The parties dispute the relevance and proportionality of the information considered to be responsive to Request No. 1. In addition to the final executed agreements with non-Doosan manufacturers that have been produced, Doosan also seeks MSI's internal communications and drafts of agreements because "[t]he executed contracts between MSI and non-Doosan manufacturers alone are insufficient because they will not show the reasons why MSI decided to enter or not enter into relationships with other manufacturers, or whether MSI knew it was violating the Doosan-MSI distribution agreement." (ECF No. 154 at 8.) Doosan asserts that it seeks the additional information responsive to Request No. 1 because it is "relevant to MSI's efforts to mitigate its damages" in that MSI only produced twenty-six (26) documents when it had "discussions with multiple manufacturers, including Toyoda, Samsung, YCM Americas, Hwacheon, Hyundai Wia, Maruka, and Matsuura, so there should be many more documents produced in response to this Request." (Id. at 9.) In response, MSI asserts that it produced documents responsive to this request and that any additional production would be "unduly burdensome and not proportional to the causes of action in MSI's Amended Complaint or Doosan's defenses." (ECF No. 164 at 5.)

"Under the liberal rules of discovery, defendant is entitled to have access to any information which relates to the mitigation of damages issue." Lewis v. Chi. Hous. Auth., No. 91 C 1478, 1991 WL 195795, at *4 (N.D. Ill. Sept. 25, 1991). Additionally, the court observes that Doosan has pleaded an affirmative defense that "Plaintiff has failed to mitigate its damages as required by law." (ECF No. 41 at 11.) Upon consideration of the parties' respective

6

positions, the court finds that Doosan has presently established the discoverability of the requested non-privileged internal communications and/or drafts of agreements. Accordingly, the court **GRANTS** Doosan's Motion to Compel and **ORDERS** MSI to produce responsive documentation on or before December 8, 2017.

> **Request for Production No. 2:** All Documents and Communications concerning MSI's analysis and decision to not accept the Hwacheon Line, including but not limited to Documents relating to MSI's Answer to DMTA's First Set of Interrogatories Number 2 ("MSI ultimately decided to move forward with Samsung Machine Tools and decided not to accept the Hwacheon line . . . ." and "MSI agreed to be a . . . . temporary dealer for Hwacheon's machine tools lines").

(ECF No. 154-1 at 13.)

The Court's Ruling: The parties dispute Request No. 2 for the same reasons as Request No. 1. (See, e.g., ECF Nos. 154 at 9–10 & 164 at 5–6.) Therefore, for the reasons stated in the ruling regarding Request No. 1, the court **GRANTS** Doosan's Motion to Compel and **ORDERS** MSI to produce documentation responsive to Request No. 2 on or before December 8, 2017.

> **Request for Production No. 4:** All Documents concerning contracts, agreements, or letters/memorandums of understanding between MSI and a non-Doosan Manufacturer from January 1, 2009 through the present, including but not limited to contracts between MSI and the Persons identified in MSI's Answer to Ellison's First Set of Interrogatories numbers 1, 2, 3, and 9, Persons identified in MSI's Answer to DMTA's First Set of Interrogatories numbers 10 and 11, or the following: Toyoda, Samsung, YCM Americas, Hwacheon, Hyundai Wia, Maruka, and Matsuura.

(ECF No. 154-1 at 13.)

The Court's Ruling: The parties dispute Request No. 4 for the same reasons as Requests No. 1 and 2. (See, e.g., ECF Nos. 154 at 10 & 164 at 6.) Therefore, for the reasons stated in the ruling regarding Request No. 1, the court **GRANTS** Doosan's Motion to Compel and **ORDERS** MSI to produce documentation responsive to Request No. 4 on or before December 8, 2017.

> **Request for Production No. 5:** All Communications between MSI Representatives and the Former Doosan Network which do not include DMTA as senders or recipients of such Communications.

(ECF No. 154-1 at 13.)

The Court's Ruling: In Request No. 5, Doosan seeks communications between MSI and MSI distributors "to determine when MSI learned of its possible termination and the actions it took in response once it learned Doosan was terminating MSI." (ECF No. 154 at 12.) "MSI affirmatively states it has produced all documents responsive to this request." (ECF No. 164 at 7.) Under this circumstance, the court perceives that the proportionality factor weighs against Doosan unless the documents produced by MSI are not responsive to Request No. 5. As a result, the court **GRANTS IN PART** Doosan's Motion to Compel and **ORDERS** MSI to identify by Bates number, or otherwise specify, the documents responsive to Request No. 5 that have already been produced on or before December 8, 2017. The court **DENIES WITHOUT PREJUDICE** any remaining aspects of Doosan's Motion to Compel as to Request No. 5 pending its review of documentation specified to be responsive to the instant Request for Production. In this regard, the court expressly does not foreclose Doosan from pursuing additional relief from the court as to Request No. 5.

> **Request for Production No. 23:** All Documents or Communications between MSI, on the one hand, and Customer/Vendors, on the other hand, concerning discussions or suggestions that the Customer/Vendor should do business with MSI or a Non-Doosan Line/Manufacturer, instead of doing business with DMTA or Ellison.

(ECF No. 154-1 at 16.)

The Court's Ruling: The parties dispute the relevance and proportionality of the information considered to be responsive to Request No. 23. Doosan asserts that documents responsive to Request No. 23 are "are probative of whether MSI engaged in any misconduct both pre- and post-termination, and/or whether MSI breached the terms of the distribution agreement with Doosan by selling (or attempting to sell) a Doosan competitor's machine tools." (ECF No. 154 at 13.) MSI objects to Request No. 23 "as overly broad [] unduly burdensome, and . . .

8

lacking particularity since by default all communications with customers since termination would suggest doing business with MSI instead of Doosan and Ellison." (ECF No. 154-2 at 8.) Additionally, MSI asserts that it has properly responded to Request No. 23 by producing "any communication with Customer/Vendor where Doosan or Ellison were specifically mentioned." (ECF No. 164 at 8.)

Upon consideration of the parties' respective positions, the court finds that MSI has presently established the overbreadth and non-proportionality of the information sought in Request No. 23. Therefore, because the court agrees with MSI that "all communications with customers since termination would suggest doing business with MSI instead of Doosan and Ellison" (ECF No. 154-2 at 8), the court **GRANTS IN PART** Doosan's Motion to Compel and **ORDERS** MSI to produce documentation responsive to Request No. 23 from January 1, 2015 to August 21, 2015.

**Request for Production Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77.**

<u>The Court's Ruling</u>: Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Doosan argues that MSI is required "to identify by Bates [stamp] number the documents that are responsive to these Requests now so that Doosan can locate the responsive documents within MSI's production of nearly 1,000,000 pages." (ECF No. 154 at 14.) In response, MSI argues that it has attempted to identify "by bates number documents responsive to these specific requests," but it has had some difficulty providing the requisite identification while also adhering to Doosan's requirements as to Electronically Stored Information ("ESI"). (ECF No. 164 at 8.) Doosan further argues that it has previously identified documents responsive to the aforementioned requests because Request for Production Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77 "are all duplicative or contained in Doosan's First Request to Produce to

9

Plaintiff." (Id. at 9.)

Upon review, the court observes that the Federal Rules of Civil Procedure do not expressly limit the number of requests for production of documents. See Fed. R. Civ. P. 34. Even though MSI asserts that it has produced documentation responsive to Request Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77, it appears that Doosan is not cognizant of all the documentation that it has received that is purportedly in response to these Requests. Under this circumstance, the court perceives that the proportionality factor weighs against Doosan unless the documents produced by MSI are not responsive to Request Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77. As a result, the court **GRANTS IN PART** Doosan's Motion to Compel and **ORDERS** MSI to (1) respond to any legitimately propounded non-duplicative requests and (2) submit a document to Doosan on or before December 8, 2017, that specifies the First Requests for Production that are duplicated in its Second Requests for Production and informs Doosan of the responsive documentation that it has already received. Accordingly, the court **DENIES WITHOUT PREJUDICE** any remaining aspects of Doosan's Motion to Compel as to Request Nos. Request for Production Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77, pending its review of MSI's submission. In this regard, to the extent Doosan disagrees with MSI's conclusions regarding the duplication of requests, the court expressly does not foreclose Doosan from pursuing additional relief from the court as to Request Nos. 19, 28–34, 27, 40–52, 54–56, 58, 67–69, 73–75 and 77.

### V. CONCLUSION

After extensive review of the parties' arguments and submissions, the court for the reasons set forth above **GRANTS IN PART AND DENIES IN PART** Doosan's Motion to Compel Discovery. (ECF No. 154.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2017
Columbia, South Carolina