**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Machinery Solutions, Inc. | ) | Civil Action No.: 3:15-cv-03447-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Doosan Infracore America Corporation, | ) | |
| and Ellison Technologies, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Machinery Solutions, Inc. ("MSI" or "Plaintiff") filed this action seeking damages from Defendant Doosan Infracore America Corporation ("Doosan") for terminating its dealership contract with MSI and for contracting with another distributor, Ellison Technologies, Inc. ("Ellison"). (*See generally* ECF No. 37.)

This matter is before the court on Plaintiff's Motion to Compel against Doosan (ECF No. 130).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Doosan manufacturers machine tools. (ECF No. 25-1 at 3 ¶¶ 8–9.) MSI alleges that it has had an ongoing contractual relationship with Doosan since 1997. (ECF No. 37 at 3 ¶ 17.) On February 10, 2009, Doosan sent MSI a "Letter of Understanding" or "Distributor Agreement" to outline the sale of new machine tool products in North Carolina, South Carolina, and Georgia. (ECF No. 1-1 at 22–25.) Pursuant to the terms of the Distributor Agreement, either party could terminate the agreement, at any time for any reason whatsoever, by giving the other party prior written notice of at least 30 days. (ECF No. 1-1 at 24 ¶ XIII.)

On August 21, 2015, MSI received a letter (the "August Letter") from Doosan's

President in which he communicated the intent of Doosan to terminate the Distributor Agreement with MSI. (*Id.* at 28-30.) The August Letter stated that MSI would have 30 days to finalize all existing projects, and, after that time, MSI must cease pursuing any future business or representing that MSI is an authorized Doosan dealer. (*Id.* at 28.) The letter also included an attachment entitled "Conduct of Business During Transition Period." (*Id.* at 29–30.) In the attachment, Doosan identified Ellison as the new Doosan dealer in North Carolina, South Carolina, and Georgia.[1] (*Id.* at 30 ¶ 6.)

On August 25, 2015, MSI filed a Complaint against Doosan and Ellison (together "Defendants") in the Court of Common Pleas for Lexington County, South Carolina. (ECF No. 1-1.) Specifically, MSI alleged claims against Defendants jointly for civil conspiracy and against Doosan singularly for breach of contract, breach of contract accompanied by a fraudulent act, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 to -560 (2014), and violation of the Fair Practices of Farm, Construction, Industrial, and Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act ("FPA"), S.C. Code Ann. § 39-6-10 to -180 (2014). (ECF No. 1-1 at 10 ¶ 32–19 ¶ 88.) Doosan removed MSI's action from state court to this court on August 27, 2015, pursuant to 28 U.S.C. § 1332 claiming that "this civil action is 'between citizens of different States' and the amount 'in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[2] (ECF No. 1 at 2 ¶ 3 (quoting 28 U.S.C. § 1332(a)(1)).) MSI then filed an Amended Complaint on October 8, 2015, alleging claims against Doosan and Ellison jointly for violation of the SCUTPA, civil

_____

[1] Effective September 1, 2015, through Ellison's dealership in Charlotte, North Carolina, Ellison became a dealer for Doosan machine tools servicing customers in North Carolina, South Carolina, and Georgia. (ECF No. 26–1 at 4 ¶¶ 9–10.)
[2] In the Notice of Removal, Doosan stated that MSI had served the Complaint on Ellison, which consented to the removal "[u]pon information and belief." (ECF No. 1 at 3 ¶ 5.)

conspiracy, and interference with existing and prospective contracts (count 6); and against Doosan singularly for violation of the FPA, breach of contract and breach of contract accompanied by fraudulent act.  (ECF No. 37 at 7 ¶ 36–17 ¶ 98.)  On May 12, 2016, the court granted in part Ellison's Motion to Dismiss (ECF No. 42) and dismissed MSI's causes of action for violation of SCUTPA, tortious interference with existing contracts, and tortious interference with prospective contracts.  (ECF No. 55 at 14.)

On July 31, 2017, MSI filed the instant Motion to Compel seeking to "compel full and proper answers and responses to the following discovery responses . . . : 1. Plaintiff's First Set of Interrogatories to Defendant Doosan Numbers 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14[;] 2. Plaintiff's First Set of Requests for Admission to Defendant Doosan Numbers 1, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13[;] 3. Plaintiff's Second Set of Interrogatories to Defendant Doosan Number 15[;] 4. Plaintiff's First Requests for Production to Defendant Doosan Numbers 7 and 30[;] 5. Plaintiff's Fifth Set of Requests for Production to Defendant Doosan Number 1[;] 6. All documents improperly withheld on the basis of Attorney-Client privilege[;] 7. Those document[s] withheld by Defendant Doosan on the ground of relevancy claiming that general discussions about replacing many dealers in the United States are not 'relevant.'"  (ECF No. 130 at 1–2.)  Doosan opposes this Motion.[3]  (ECF No. 137.)

## II.      JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  MSI is a corporation organized under the laws of South Carolina with its principal

---

[3] Throughout its Response brief, Doosan complains that MSI failed to confer with Doosan in good faith regarding discovery issues before seeking judicial intervention.  (*E.g.*, ECF No. 137 at 26 n.17.)  MSI disputes this complaint stating that the parties tried to resolve the discovery disputes currently before the court but were unsuccessful.  (ECF No. 130-1 at 23 n.9.)

place of business in Lexington County, South Carolina.  (ECF No. 37 at 1 ¶ 1.)  Doosan is

incorporated in the State of New York and Ellison is incorporated in the State of Delaware.  (*Id.*

at 2 ¶¶ 5 & 7; *see also* ECF No. 1 at 2–3.)  Moreover, the court is satisfied that the amount in

controversy exceeds $75,000.00 in accordance with MSI's representation.  (ECF No. 37 at 3 ¶

11.)

## III.    LEGAL STANDARD

### A.    Discovery Generally

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case, . . . ."  Fed. R. Civ. P. 26(b)(1).  The scope of

discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2)

relevant to a claim or defense and (3) proportional to the needs of the case.  *E.g.*, *Gordon v.

T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10,

2017).  "While the party seeking discovery has the burden to establish its relevancy and

proportionality, the party objecting has the burden of showing the discovery should not be

allowed and doing so through 'clarifying, explaining and supporting its objections with

competent evidence.'"  *Wilson v. Decibels of Or., Inc.*, Case No. 1:16-cv-00855-CL, 2017 WL

1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv.

Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted).  A discovery request

is relevant "if there is any possibility that the information sought might be relevant to the subject

matter of [the] action."  *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan.

Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)).  Whether a discovery request is

proportional is determined by "considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The scope of discovery permitted by Rule[4] 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.    Motions to Compel

If a party fails to make a disclosure" required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation

---

[4] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## IV.     ANALYSIS

MSI filed the instant Motion to Compel (ECF No. 130 at 1) seeking responses to its First Set of Interrogatories to Doosan Nos. 1, 3–11, and 13–14; First Set of Requests for Admission to Doosan Nos. 1, 4–13; Second Set of Interrogatories to Doosan No. 15; First Requests for Requests for Production to Doosan Nos. 7 and 30; and Fifth Set of Requests for Production to Doosan No. 1.[5]   Additionally, MSI seeks to compel responses to all documents improperly withheld on the basis of Attorney-Client Privilege and documents regarding general discussions about replacing dealers improperly withheld on the ground of relevancy.  (*See id.* at 1–2.)  Upon review and consideration of the parties' respective positions (*see* ECF Nos. 130-1, 137 & 145), the court adjudicates each disputed discovery request as follows:

A.     First Set of Interrogatories to Defendant Doosan

**Interrogatory No. 1**: State with specificity all facts concerning or relating to Defendant Doosan's allegation in paragraph 101 of its Answer to the Amended Complaint that Plaintiff failed to mitigate its damages.

(ECF No. 130-2 at 4.)

**Interrogatory No. 3:** State with specificity all facts concerning or relating to Defendant Doosan's allegation in paragraph 104 of its Answer to the Amended Complaint that Plaintiff is not a "dealer" as defined by the Fair Practices of Farm, Construction, Industrial and Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act, S.C. Code Ann. § 39-6-10 *et seq.* (Fair Practices Act).

(ECF No. 130-2 at 4.)

---

[5] Despite the number of separate discovery submissions in dispute, MSI asserts the Motion to Compel is timely "since all parties have been engaging in efforts to reduce the disputes before the Court."  (ECF No. 130-1 at 1 n.2.)  Doosan does not appear to contest this assertion.

The Court's Ruling: MSI argues that Doosan's response to Interrogatory No. 1 is improper for the following reasons. First, MSI claims that it was improper for Doosan to cite to ongoing discovery as reason to object and that Doosan should answer with information it currently knows. (ECF No. 130-1 at 3.) Next, MSI argues it was improper for Doosan to object on the ground that MSI had control of the relevant information. (*Id.*) Specifically, MSI asserts that Doosan is obligated to provide evidence to support its defense that Plaintiff failed to mitigate damages, pursuant to Federal Rule of Civil Procedure 11(b). (*Id.*) Further, MSI claims that Doosan's proportionality argument is without merit. (*Id.*)

In response, Doosan argues that its objection stating Interrogatory No. 1 was premature is proper because discovery is still ongoing and that depositions had just commenced at the time Doosan filed its response. (ECF No. 137 at 4.) In addition, Doosan claims that "the Interrogatory is overly broad, unduly burdensome and not proportional because it requests 'all facts' concerning or relating to a broad subject matter." (*See id.*) Further, Doosan argues that it properly objected on the basis of MSI having control of the relevant information because any information regarding efforts to mitigate damages would be in MSI's possession or control and because Doosan would not be able to obtain this information until it deposed MSI's principals. (*See id.* at 5.) Last, Doosan claims that it is complying with Federal Rule of Civil Procedure 11(b) because it is undertaking reasonable efforts to investigate and discover information related to MSI's mitigation efforts. (*Id.*)

MSI argues that Doosan should be compelled to answer Interrogatory No. 3 because it is not overbroad and Rule 33(a)(2) requires Doosan to provide supporting facts for its claim that that MSI is not a dealer under the FPA. (*See* ECF No. 130-1 at 3–4.) In response, Doosan argues that Interrogatory No. 3 is objectionable because "(i) it is premature since fact discovery

is ongoing, (ii) the information that MSI seeks is already in MSI's possession, custody, and control, (iii) it is overly broad, unduly burdensome and not proportional because it requests 'all' facts concerning or relating to a broad subject matter, (iv) it improperly seeks to place the burden of proof on Doosan regarding an ultimate issue in this lawsuit, (v) it improperly requires Doosan to prove a negative, and (vi) it improperly calls for a legal conclusion." (ECF No. 137 at 5–6.)

Upon review, the court finds that Interrogatory No. 1 and Interrogatory No. 3 are overly broad and unduly burdensome. In both Interrogatories, MSI essentially asks Doosan to provide "all facts" relating to Doosan's legal claims or defenses. Specifically, Interrogatory No. 1 asks for "all facts" relating to Doosan's failure to mitigate damages defense, while Interrogatory No. 3 asks for "all facts" relating to Doosan's legal claim that MSI is not a dealer under the FPA. (*See* ECF Nos. 130-1 at 3 & 130-2 at 4.)

The court finds these Interrogatories overly broad and unduly burdensome for the reasons set forth in *Moses v. Halstead*, 236 F.R.D. 667 (D. Kan. 2006). In *Moses*, the plaintiff sent an interrogatory requesting the defendant to list each defense and "provide all facts which support each defense." *Id.* at 673. The court noted "that interrogatories which seek opinions or contentions that call for the application of law to facts are proper, and an interrogatory may properly inquire into a party's contentions in the case." *Id.* at 674 (internal quotations and citations omitted); *see also* Fed. R. Civ. P. 33(b)(2). However, the court noted that "'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Id.* The court held that such interrogatories will not be overly broad if they only ask for the "'principal or material' facts which support an allegation or defense." *Id.*

Accordingly, in *Moses*, the court only required the defendant to provide the plaintiff with the "material" or "principal" facts that support each defense in its answers to the interrogatory. *Id.*

Here, the court finds that Interrogatory Nos. 1 and 3 are overly broad, like the interrogatory in *Moses*, because they require Doosan to provide "all facts" supporting their two separate defenses.[6] Accordingly, the court **GRANTS** MSI's Motion to Compel answers to Interrogatory Nos. 1 and 3 and **ORDERS** Doosan to provide answers to Interrogatory Nos. 1 and 3 on or before January 23, 2018, but for the reasons noted above, only directs Doosan to provide the "material" or "principal" facts that support each defense. *See Moses*, 236 F.R.D. at 674. Specifically, the court directs Doosan to answer the Interrogatories with information that it currently has, and separately notes that Doosan has an obligation to supplement its response if it obtains any additional relevant information regarding these Interrogatories after further discovery. *See* Fed. R. Civ. P. 26(e)(1).[7]

> **Interrogatory No. 4:** Identify all in-person meetings that occurred between representatives of Ellison and Doosan between January 1, 2014 and August 21, 2015. When identifying each meeting, list the date, location, persons attending the meeting and the purpose of the meeting.

(ECF No. 130-2 at 5.)

The Court's Ruling: Doosan objects to Interrogatory No. 4 as overly broad, unduly burdensome and not proportional and further asserts that it seeks irrelevant information. (ECF No. 137 at 6.) Doosan argues that "[t]his interrogatory seeks irrelevant information because it

---

[6] However, the court does not find that either Integratory is seeking a legal conclusion. Instead, Integratory Nos. 1 and 3 are asking Doosan to provide supporting facts related to its defenses/legal claims. This is a permissible interrogatory. *See* Fed. R. Civ. P. 33(b)(2); *Moses*, 236 F.R.D. at 674.

[7] The courts notes that Interrogatory No. 3 does not shift the burden of proof or require Doosan to prove a negative, regarding the issue of whether MSI is a dealer under the FPA. (*See* ECF No. 137 at 5–6.) In contrast, Interrogatory No. 3 simply asks Doosan to provide facts that it is relying on to support its claim that MSI is not a dealer under the act.

fails to specify the topic of the meetings or otherwise limit the topics of the meetings to information related to the MSI." (*Id.*)  Additionally, Doosan claims that asking it to identify all meetings between Ellison and itself during this time period is disproportionate to the needs of this case.  (*Id.* at 7.)  Lastly, Doosan cites to Rule 33(d) and argues that it produced documents that potentially contain the information that MSI seeks in this Interrogatory in its response to MSI's Second Request for Production No. 12.  (*See* ECF Nos. 130-2 at 5 & 137 at 7.)

In support of its Motion, MSI argues that Interrogatory No. 4 does not seek irrelevant information and is proportional because Doosan and Ellison's counsel previously asserted that there was "no other interaction during this relevant time period other than the discussions relevant to Ellison becoming Doosan's dealer in North America[], including in MSI's territory." (ECF No. 130-1 at 4.)  Additionally, MSI claims that the relevant time period is not overly burdensome because Doosan indicated that there were no meetings prior to 2015, which reduces the relevant time period to eight months.  (*Id.*)

Here, the court agrees with MSI that Integratory No. 4 is proportional and that it seeks relevant information.  The fact that discussions between Doosan and Ellison during this time period concerned Ellison potentially becoming one of Doosan's dealers make them relevant to the instant action.  Additionally, the court does not find that identifying meetings during this time period would be overly burdensome on Doosan.  Lastly, the court notes that Doosan's reliance on Rule 33(d) is improper.  Doosan has not specified "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1).  Pointing to Doosan's response to MSI's Second Request for Production, without providing the Bates Numbers in which the relevant information can be found, does not meet this requirement under Rule 33(d)(1).  Accordingly, the

courts **GRANTS** MSI's Motion to Compel and **ORDERS** Doosan to provide a revised answer to Interrogatory No. 4 on or before January 23, 2018.

> **Interrogatory No. 5**: Identify all persons, including Doosan employees, that the Protected List provided by Machinery Solutions, Inc. to Tom Lattie on August 25, 2017 was shared. (Bates Labeled MSI 11-28-16 0001-0002). When identifying the persons, provide the date of communication and the method of communication.

(ECF No. 130-2 at 5.)

The Court's Ruling: Doosan argues that Interrogatory No. 5 is overly broad because it asks Doosan to identify "all persons" who received the Protected List. (ECF Nos. 130-2 at 5, 137 at 9.) In addition, Doosan claims that MSI has failed to show that this information would be relevant or proportional to this case. (ECF No. 137 at 9.) However, pursuant to Rule 33(d), Doosan "directed MSI to bates number Doosan_005413-15, which reflects that Tom Lattie of Doosan emailed a copy of the 8/25/15 Letter to, among others, employees of Ellison." (ECF No. 137 at 9.) In contrast, MSI argues that this request was not overly broad or irrelevant. (ECF No. 130-1 at 5.)

First, the court notes that Doosan has failed to make any specific argument as to why Interrogatory No. 5 is not relevant or proportional, but instead argues that MSI has failed to meet its burden of showing that the requested information is relevant or proportional. However, "the party resisting a discovery request bears the burden of persuading the court that the requested information is outside the scope of discovery." *Ashmore v. Williams*, No. 8:15-cv-03633-JMC, 2017 WL 2437082, at *4 (D.S.C. June 6, 2017) (citing *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, 2011 U.S. Dist. LEXIS 65422, at *20–21 (M.D.N.C. 2011) (collecting cases in the Fourth Circuit)). The court finds that Doosan has failed to meet its burden. Furthermore, the court agrees with MSI that Interrogatory No. 5 is not overly broad or unduly

burdensome.  Accordingly, the courts **GRANTS** MSI's Motion to Compel and **ORDERS** Doosan to identify the persons to whom this list was shared on or before January 23, 2018, to the extent it has not already.

> **Interrogatory No. 6:** Identify all Doosan machines sold by Ellison to any customer identified on Plaintiff's Protected List (Bates Labeled MSI 11-28-16 0001-0002) between August 2015 and [] December 31, 2016.  When identifying the machines, identify the machine by type number, the date of sale, the sales price and the end purchaser.

(ECF No. 130-2 at 6.)

The Court's Ruling: Doosan objected to Interrogatory No. 6 on the basis that it seeks information that is in Ellison's possession, custody, or control; it is overly broad and burdensome; and it is outside the time and scope limitations imposed by the court.  (*See* ECF Nos. 130-2 at 6 & 137 at 10.)  Significantly, in addition to its other arguments, Doosan claims MSI already obtained the information that Interrogatory No. 6 seeks from Ellison's June 2, 2017 response to one of MSI's requests for production.  (ECF No. 137 at 10.)  MSI argues that, contrary to Doosan's assertions, the court did not "limit the relevant disclosure period to the 30-day period ending September 20, 2015."  (ECF No. 130-1 at 6.)

"The court cannot compel a party to furnish information that they do not possess." *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov. 30, 2017). For this reason, the court **DENIES WITHOUT PREJUDICE** MSI's Motion to Compel a response to Interrogatory No. 6.  However, to the extent Doosan learns of information sought in Interrogatory No. 6, Doosan should provide such information to MSI in the form of an amended response.

> **Interrogatory No. 7:** Identify any and all inventory of Doosan machine tools delivered to any Ellison location located in North Carolina, South Carolina, or Georgia at any time in 2015 by giving the machine type number, the date and location of the delivery.

(ECF No. 130-2 at 6.)

The Court's Ruling: In response to Interrogatory No. 7, Doosan initially objects arguing that the requested information is in Ellison's possession, custody, and control; that the interrogatory is overly broad, unduly burdensome, and not proportional; and that the interrogatory is vague and ambiguous. (ECF No. 137 at 11.) Notwithstanding its objections, Doosan responded to Interrogatory No. 7 asserting that its records demonstrated "that Ellison purchased 10 Doosan machine tools on or about September 28, 2015, which were intended for delivery to an Ellison location in North Carolina," but did "not show Ellison purchased any Doosan machine tools from Doosan in 2015 that were intended for delivery to an Ellison location in South Carolina or Georgia." (ECF No. 130-2 at 6–7.) Additionally, Doosan claims that MSI has already received the information sought in Interrogatory No. 7 from Ellison. (ECF Nos. 137 at 12 & 86 at 10.) In its brief, MSI asserts that Doosan's response failed to "identify the date of purchase, . . . the machine number, and date and location of delivery as specifically requested by the Interrogatory." (ECF No. 130-1 at 7.)

Upon review, the court is persuaded that the additional information requested by MSI about the 10 Doosan machine tools is both proportional and relevant to the case. Therefore, the court **GRANTS** MSI's Motion to Compel a response to Interrogatory No. 7 and **ORDERS** Doosan to provide information about the ten machine tools delivered to North Carolina on or before January 23, 2018.

> **Interrogatory No. 8:** Identity with specificity any and all machines that Doosan had a direct sale with any end user in North Carolina, South Carolina, or Georgia between January 1, 2010 and August 21, 2015 giving the machine type number, the identity of the recipient, and the date. This request does not include any machines exchanged with any parties for sponsorship purposes.

(ECF No. 130-2 at 7.)

<u>The Court's Ruling</u>: Doosan argues that Interrogatory No. 8 is overly broad, unduly burdensome and not proportional because it seeks "information about 'all machines' over a 67-month period." (ECF No. 130-2 at 7.) MSI asserts that Interrogatory No. 8 seeks "specific information directly relevant to the application of the Fair Practices Act" and "Doosan has previously represented to the court that it had made multiple direct sales within MSI's territory" in possible breach of the exclusivity provisions of MSI's Agreement. (ECF No. 130-1 at 7.)

Upon its review, the court is not yet persuaded regarding the relevance and proportionality of Interrogatory No. 8. In this regard, the court observes that the specific allegations in the Amended Complaint regarding the Fair Practices Act claim do not take issue with sales of machines by Doosan in North Carolina, South Carolina, or Georgia. (*See* ECF No. 37 at 7 ¶ 36–9 ¶ 44.) Moreover, the court agrees with Doosan that MSI failed "to provide any record citation" for its assertions that Doosan represented making multiple direct sales within MSI's territory and these sales were in violation of an exclusivity provision. Accordingly, the court **DENIES** MSI's Motion to Compel a response to Interrogatory No. 8.

> **Interrogatory No. 9:** State with specificity any and all facts that would support Doosan's contention that it could would [sic] qualify as a "dealer" under the Fair Practices Act.

(ECF No. 130-2 at 7.)

<u>The Court's Ruling</u>: Doosan argues that Interrogatory No. 9 (i) "is premature since fact discovery is ongoing," (ii) "is overly broad, unduly burdensome and not proportional" because it requests "any and all facts [concerning or] relating to a broad subject matter," (iii) "improperly seeks to place the burden of proof regarding an ultimate issue in this lawsuit on Doosan," and (vi) "improperly calls for a legal conclusion." (ECF No. 130-2 at 7.)

From the outset, the Court notes that Doosan's objections and the issues surrounding Interrogatory No. 9 mirror Doosan's objections and the issues surrounding Interrogatories Nos. 1 and 3. Accordingly, for the reasons noted in the court's discussion of Interrogatory Nos. 1 and 3, the court **GRANTS** MSI's Motion to Compel a response to Interrogatory No. 9, but only directs Doosan to provide the "material" or "principal" facts that support its claim that it is a dealer under the Fair Practices Act. *See Moses*, 236 F.R.D. at 674.[8] Specifically, the court directs Doosan to answer Interrogatory No. 9 with information that it currently has, and separately notes that Doosan has an obligation to supplement its response if it obtains the additional relevant information regarding these interrogatories after further discovery. *See* Fed. R. Civ. P. 26(e)(1).[9]

> **Interrogatory No. 10:** State with specificity any and all facts or opinions that would support Doosan unilaterally reducing the service reimbursements owed to Machinery Solutions, Inc. by 50% after the notice of termination.

(ECF No. 130-2 at 7.)

> **Interrogatory No. 11:** State with specificity any and all facts that would support Doosan refusing to pay service reimbursements to Machinery Solutions, Inc. for six MX3100 machines at GE Aviation (S/Ns: MM0019-000092, MM0019-000093, MM0019-000094, MM0019-000095, MM0019-000096, MM0019-000097) and a Lynx 220LSY for Siemag (SN ML0270-000161).

(ECF No. 130-2 at 8.)

The Court's Ruling: Doosan objected to the Interrogatory Nos. 10 & 11 because they are: "vague, ambiguous, and lacking in particularity as to what is meant by the phrase 'service reimbursements'"; "overly broad, unduly burdensome, and not proportional"; "assume[] facts not

---

[8] The court does not find that Integratory No. 9 is asking for a legal conclusion. Instead, Integratory No. 9 is asking Doosan to provide supporting facts related to its legal claim. This is a permissible interrogatory. *See* Fed. R. Civ. P. 33(b)(2); *Moses*, 236 F.R.D. at 674.
[9] The court notes that Interrogatory No. 9 does not shift the burden of proof. Rather, it simply asks Doosan to provide facts that it is relying on to support its claim that it is a dealer under the act.

in evidence"; and "argumentative." (ECF No. 130-2 at 8.) MSI opines that Interrogatory Nos. 10 and 11 are relevant and proportional because it "has specifically identified the limited contracts that it believes that its service reimbursements were reduced by 50%." (ECF No. 130-1 at 8.)

The court has reviewed Interrogatory Nos. 10 and 11 in the context of Doosan's objections and finds that MSI has established the proportionality and relevance of these requests. Therefore, the court **GRANTS** MSI's Motion to Compel a response to Interrogatory Nos. 10 and 11 and **ORDERS** Doosan to provide responsive information on or before January 23, 2018.

> **Interrogatory No. 13:** Identify any and all communication, memos, reprimands, oral or written to Carl Barthelson related to his communication of August 21, 2015 to Carl Amick, Jim Dubose and Daniel Jones of Machinery Solutions, Inc., that he was "personally and professionally embarrassed" by the actions of Doosan relating to the termination of MSI.

(ECF No. 130-2 at 9.)

The Court's Ruling: In regard to Interrogatory No. 13, Doosan argues that the court's prior discovery Order (ECF No. 124) prevents MSI from being able to discover the personnel files of Carl Barthelson. (ECF No. 137 at 15.) Doosan further argues that MSI has failed to show that the material sought is "clearly relevant" or that the "need for discovery is compelling because the information sought is not otherwise readily obtainable." (*Id.*; *see also* ECF No. 124 at 16). In response, MSI asserts that the issue referenced in Interrogatory No. 13 "was never addressed in [the] Order, and Doosan should be required to fully respond." (ECF No. 130-1 at 10.)

Here, the court observes that MSI fails to support its Motion to Compel with substantive argument regarding how the information requested in Interrogatory No. 13 is proportional and relevant to this matter. Presently, the only information about Mr. Barthelson that MSI has

conveyed to the court is that he was an Eastern Regional Sales Manager who allegedly wrote an e-mail saying that he was "personally and professionally embarrassed" by Doosan's actions against MSI. (*See* ECF No. 69 at 7–8.) That information in and of itself does not demonstrate to the court why the information requested in Interrogatory No. 13 is proportional and relevant to the claims and/or defenses in this action. Accordingly, because MSI has failed to satisfy its burden of demonstrating the relevance and proportionality of the information sought in the discovery request, the court **DENIES** MSI's Motion to Compel a response to Interrogatory No. 13.

> **Interrogatory No. 14:** Describe fully all efforts You have made or are aware of wherein or whereby any supplier of parts used in manufacturing or repair of any Doosan manufactured machine tools were discouraged in any form from selling or shipping any such parts directly to customers in the United States. In the description give the identity of the people involved on both ends of the communication, the date, the substance of the communication and identify any documents related thereto. The relevant time period of this inquiry is August 1, 2015 to the present.

(ECF No. 130-2 at 9.)

The Court's Ruling: Doosan objects to Interrogatory No. 14 and argues that it violates the time and scope limitations contained in the court's May 26, 2017 discovery order (ECF No. 124). (ECF Nos. 130-2 at 9 & 137 at 16.) In addition, Doosan argues that the Interrogatory is "vague, ambiguous, and confusing"; "overly broad, unduly burdensome, and not proportional to the issues in this case"; and "irrelevant." (ECF No. 130-2 at 9.) MSI argues that the information sought in this Interrogatory is relevant because it is related to an alleged "conspiracy between defendants to prevent MSI from obtaining parts." (ECF No. 130-1 at 10.)

Upon review, the court agrees with Doosan and finds Interrogatory No. 14 to be overly broad, unduly burdensome, and not proportional to the issues in this case. In the Interrogatory No. 14, MSI essentially asks Doosan to identify and describe all efforts in which suppliers of

parts were discouraged from selling parts directly to customers in the United States, regardless of whether Doosan discouraged the sales itself. To the extent this Interrogatory requests information regarding parties, other than Doosan or Ellison, who discouraged suppliers from directly selling parts to customers, it is overly broad, unduly burdensome, not proportional, and most likely irrelevant. In this regard, the court finds that information regarding other parties discouraging suppliers from directly selling parts would not further MSI's claim that Doosan conspired to hinder its ability to acquire parts. However, the court finds that this Interrogatory would be proportional and relevant if it is limited to only require Doosan to disclose efforts that it took to discourage suppliers of parts, used in manufacturing or repair of any Doosan tools, to sell parts to MSI. Accordingly, the court **GRANTS IN PART** MSI's Motion to Compel a response to Interrogatory No. 14 and **ORDERS** Doosan to provide information regarding efforts it took to discourage suppliers from selling parts to MSI on or before January 23, 2018.

B.      <u>First Set of Requests for Admission</u>

>   **RFA No. 1**: By 5:00 PM EDT on September 11, 2015, not a single Doosan manufactured machine tool had been delivered to Ellison in the States of North Carolina, South Carolina and Georgia.

(ECF No. 130-3 at 3.)

<u>The Court's Ruling</u>: Doosan objects to Request for Admission ("RFA") No. 1 and argues that it is "vague, ambiguous, and confusing[]." (ECF No. 137 at 18.) Doosan claims that "it is unclear whether MSI seeks information concerning machines actually delivered to an Ellison location within MSI's former three-state territory, or elsewhere." (*Id.*) Further, Doosan states "it is unclear whether MSI was inquiring about machine tools manufactured by Doosan Machine Tools America Corporation (f/k/a Doosan Infracore America) or a different Doosan entity." (*Id.*) Additionally, Doosan argues that the request is argumentative. (*Id.* at 19.) Despite its

objections, Doosan partially admitted RFA No. 1 and denied the balance of the request. (ECF No. 130-3 at 3.) MSI took offense to the denial asserting that it makes "it impossible to determine what aspect of the Request Doosan is denying" such that it "defeats the entire purpose of a RFA and [] violates Federal Rule of Civil Procedure 36." (ECF No. 130-1 at 12.)

"Under Rule 36, a response that admits in part and denies in part the matter requested is proper." *E.g.*, *Lawrence v. United States*, No. 8:11-cv-2735-T-17AEP, 2012 WL 9491751, at *2 (M.D. Fla. Oct. 3, 2012) (citing Fed. R. Civ. P. 36(a)(4) ("when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest")). The court finds that Doosan complied with the mandates of Rule 36 by admitting as much of RFA No. 1 as it could and denying the remaining portion of the request. Accordingly, the court **DENIES** MSI's Motion to Compel a response to RFA No. 1.

> **RFA No. 4**: The numbers of Doosan manufactured machine tools delivered into the State of North Carolina, South Carolina and Georgia during the months of August, September, October, November and December, 2015 for an Ellison purchase did not exceed twenty (20).

(ECF No. 130-3 at 4.)

The Court's Ruling: For the reasons stated in the ruling regarding RFA No. 1, the court finds that Doosan complied with the mandates of Rule 36 by admitting as much of RFA No. 4 as it could and denying the remaining portion of the request. Therefore, the court **DENIES** MSI's Motion to Compel a response to RFA No. 4.

> **RFA No. 5**: Without making a determination of whether S.C. Code Ann. § 39-6-130 applies to the relationship between Doosan and MSI, Defendant Doosan did not terminate for "due cause" as that term is used in S.C. Code Ann. § 39-6-130.

(ECF No. 130-3 at 4.)

> **RFA No. 6**: Without making a determination of whether S.C. Code Ann. § 39-6-130 applies to the relationship between Doosan and MSI, Defendant Doosan had

no factual basis for terminating Plaintiff for "due cause" in August 2015 as that term is used in S.C. Code Ann. § 39-6-130.

(ECF No. 130-3 at 5.)

The Court's Ruling: In its Opposition to MSI's Motion to Compel, Doosan stated that the Motion to Compel was moot because it had "amended its Responses to RFAs 5 and 6 to remove its objections and responded 'Denied.'" (ECF No. 137 at 20.) MSI did not object to Doosan's characterization in its Reply. (*See* ECF No. 145.) Accordingly, the court **DENIES AS MOOT** MSI's Motion to Compel responses to RFA Nos. 5 and 6.

> **RFA No. 7**: Without making a determination of whether S.C. Code Ann. § 39-6-20 applies to the relationship between Doosan and MSI, Plaintiff was a "dealer or equipment dealer" for Defendant Doosan in 2015, before August, as that term is used in S.C. Code Ann.§ 36-6-20.

(ECF No. 130-3 at 5.)

The Court's Ruling: Doosan argues that RFA No. 7 is improper because it is "vague and ambiguous," it "requires Doosan to assume facts," it "improperly calls for a legal conclusion" on a pure matter of law, and it requires Doosan to "opine on an ultimate issue in the lawsuit" and to "interpret a phrase contained in a [South Carolina] statute." (*Id.*) MSI argues that RFA No. 7 "address[es] the application of law to relevant fact as allowed by Rule 36(a)." (ECF No. 130-1 at 13.)

 "Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law." *Adventis, Inc. v. Consolidated Property Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) (citing *In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001); 8A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 2255 & n.8 (3d ed. 1999); Fed. R. Civ. P. 36(a)). Here, MSI's request is improper under Rule 36 because it asks Doosan to admit a

legal conclusion by requesting Doosan to admit that Ellison is "dealer or equipment dealer" under the Fair Practices Act. *Cf. Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (finding that a request for admission that asked Plaintiff to admit that she was a 'public figure' under the relevant case law was improperly requesting a conclusion of law). Accordingly, the court **DENIES** MSI's Motion to Compel a response to RFA No. 7.

> **RFA No. 8**: Except for deliveries to Joe Gibbs Racing, Defendant Doosan from 2010 through 2015 did not sell directly to any end-user in South Carolina, North Carolina or Georgia any machine tool it manufactured.

(ECF No. 130-3 at 6.)

The Court's Ruling: Doosan objects to RFA No. 8 and argues that "it is vague and ambiguous since it is unclear what is meant by the phrase 'did not sell directly to any end user,'" that "it misstates the relevant facts and assumes facts not in evidence." (*Id.*) MSI asserts that the response to RFA No. 8 is relevant to determining "whether Doosan qualified as a 'dealer' under the Fair Practices Act." (ECF No. 1301 at 13.)

Rule 36 requires "the answering party to specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, and requires a detailed explanation for the inability of the respondent to admit or deny a request." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015). The court considered Doosan's objections in the context of RFA No. 8 and finds that Doosan's response did not comply with Rule 36's requirements. Accordingly, the court **GRANTS** MSI's Motion to Compel a response to RFA No. 8 and **ORDERS** Doosan to provide information responsive to RFA No. 8 on or before January 23, 2018.

> **RFA No. 9**: Defendant Doosan was not licensed at any time in 2010 through 2015 to sell any machine tools in South Carolina.

(ECF No. 130-3 at 6.)

The Court's Ruling: Doosan objects to RFA No. 9 and argues that "it is vague and ambiguous" because MSI failed to identify the specific license it was inquiring about. (*Id.*) Additionally, Doosan argues that the request incorrectly assumed that "Doosan was required to be licensed at any time in 2010 through 2015 to sell any machine tools in South Carolina." (*Id.*) Further, Doosan claims that the request seeks the production of irrelevant information. (*Id.*) In contrast, MSI argues that it does not need to identify any specific licenses that Doosan may have had and that Doosan should be able to state whether or not it had a South Carolina license to sell machine tools. (ECF No. 130-1 at 14.) MSI also claims that its request is relevant because it "relates to whether Doosan made any direct sales within MSI's territory that would support its previous assertions that it may also be a 'dealer' under the Fair Practices Act." (*Id.*)

First, the court finds that this request is relevant because it relates to MSI's claim that Doosan is dealer under the Fair Practices Act. (*See id.*) Furthermore, the court does not find the request to vague or ambiguous simply because MSI did not ask whether Doosan had a particular type of license to sell machine tools in South Carolina. It was not improper for MSI to ask Doosan whether it was licensed to sell machine tools in South Carolina or not during the relevant period. Accordingly, the court **GRANTS** MSI's Motion to Compel a response to RFA No. 9.

> **RFA No. 10**: Each of the documents attached as "R/A 3-27-17, 10A *through* 10L" is a genuine document as that term is used in Rule 36(a)(1)(B).

(ECF No. 130-3 at 6.)

The Court's Ruling: Doosan objects to RFA No. 10 "because it asks Doosan to admit the genuineness of documents that do not contain any Doosan recipients . . . and that were produced in discovery by Defendant Ellison." (*Id.* at 6–7.) Additionally, Doosan argues that "MSI improperly comingled different documents into a single RFA." (ECF No. 137 at 21.) Further,

Doosan argues that RFA No. 10 seeks "irrelevant information" and information beyond "the scope of discovery." (ECF No. 130-3 at 7.)

In contrast, MSI argues that the "documents were individually identified and were not co-mingled." (ECF No. 130-1 at 14). In addition, MSI argues that Doosan's irrelevance objection was improper because "issues of relevance and admissibility were not asked in this request." (*Id.*) Further, MSI requests permission to submit the documents to the court for in camera review. (*Id.* at 15.)

Federal Rule of Civil Procedure 36(a)(2) requires each matter of which an admission is requested to be separately set forth. Further, "[t]o the extent the authenticity or provenance of a particular document is truly at issue, it may be the subject of a Request for Admission, with each document separately stated, as set forth in the Rules." *Swofford v. Eslinger*, No. 6:08-cv-66-Orl-35DAB, 2009 WL 961115, at *3 (M.D. Fla. Apr. 7, 2009). Upon its review, the court finds that RFA No. 10 does not separately state the documents subject to the Request and, therefore, fails to satisfy Rule 36(a)(2). Accordingly, the court **DENIES** MSI's Motion to Compel a response to RFA No. 10.

> **RFA No. 11**: Attached as "R/A 3-27-17 11A" is a genuine document as that term is used in Rule 36(a)(1)(B).

(ECF No. 130-3 at 7.)

The Court's Ruling: In response to RFA No. 11, Doosan admitted that the document appeared to be a document sent to it in discovery and denied the balance of the request. (ECF No. 130-3 at 7.) MSI argues that Doosan's response was improper and that Doosan "is obligated to check with its client and determine if the identified document is a genuine copy of the document." (ECF No. 130-1 at 15.) In response, Doosan argues that it cannot admit the

genuineness of a document "that it did not produce in discovery and that, upon information and belief, it never received outside of discovery in this matter." (ECF No. 137 at 22.)

The court agrees with MSI that Doosan should be required to determine whether the document is genuine. A party responding to a request for admission must respond "based upon the evidence presently within his knowledge or capable of ascertainment by him from third persons by reasonable inquiry." *Jones v. Boyd Truck Lines*, 11 F.R.D. 67, 70 (1951). However, a party may assert lack of knowledge or information as a reason for failing to admit or deny a request "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The court notes that Doosan should conduct a reasonable inquiry as to the genuineness of this document, if it has not already, and that may it may provide a response pursuant to Rule 36(a)(4) if the information it obtains is insufficient to enable it to admit or deny the request. Accordingly, the court **GRANTS** MSI's Motion to Compel a response to RFA No. 11.

> **RFA No. 12**: "R/A 3-27-17 11A" was sent to and received by Defendant Doosan electronically on August 28, 2015.

(ECF No. 130-3 at 7.)

The Court's Ruling: In response to RFA No. 11, Doosan admitted that the attached document "was similar to a document that was sent to Doosan on or around August 25, 2017," but Doosan denied the balance of the request. (ECF No. 130-3 at 7.) MSI argues that this response was improper and that Doosan "provided no explanation as to what is different between the document sent to Doosan and the document identified in this request." (ECF No. 130-1 at 15.) In response, Doosan notes that it sent a letter to MSI noting that it did not receive the specific document that is marked "R/A 3-27-17 11A," but did receive a similar version of the document that Doosan produced in discovery as Bates No. Doosan_005414-005415. (ECF Nos.

137 at 22, 137-2 at 4.)  Further, Doosan notes that MSI did not respond to this letter.  (ECF No. 137 at 22.)

The court notes that the parties can most likely resolve this dispute amongst themselves by conferring and determining whether Bates No. Doosan_005414-005415 and "R/A 3-27-17 11A" are the same document.  Accordingly, the court **DENIES WITHOUT PREJUDICE** MSI's Motion to Compel a response to RFA No. 12.

> **RFA No. 13**: The names of the customers and the customers' respective locations listed on the second page of "R/A 3-27-17 11A" were forwarded by Defendant Doosan to Defendant Ellison no later than August 28, 2015.

(ECF No. 130-3 at 7.)

The Court's Ruling: In response to RFA No. 13, Doosan admitted "only that a version of the list of customers" was sent to Ellison no later than August 28, 2015 and it denied the balance of the request.  (ECF No. 130-3 at 7.)  MSI clarified that RFA No. 13 "did not ask whether the same list was actually sent by Doosan to Ellison, but instead, asked if the actual names of the customers and the customers' locations were shared."  (ECF No. 130-1 at 15–16.)  In response, Doosan disputes this interpretation of the request.  (See ECF No. 137 at 23–24).

Noting Doosan's issues with the wording of the request, the court construes RFA No. 13 as asking whether Doosan shared the names of the customers and the customers' respective locations listed on the second page of "R/A 3-27-17 11A" with Ellison no later than August 28, 2015.  Accordingly, the court **GRANTS IN PART** MSI's Motion to Compel a response to RFA No. 13 and directs to Doosan to provide a response to the reinterpreted RFA No. 13 by January 23, 2018.[10]

---

[10] Because it has construed RFA No. 13 to address Doosan's primary concerns, the court does not find it necessary to address Doosan's other objections regarding the version of the document that Doosan sent to Ellison.  (See ECF No. 137 at 22–23.)

C.    Second Set of Interrogatories to Defendant Doosan

**Interrogatory No. 15**: Since the sale to MBK Partners on or about April 30, 2016, explain in detail what continuing financial interest Defendant Doosan has in either the manufacture or sale of Doosan Machine tools in the United States.

(ECF No. 130-5 at 4.)

The Court's Ruling: As part of its "General Objections," Doosan objected to any interrogatory that sought information in a form "contrary to the Federal Rules of Civil Procedure."  (See ECF No. 130-5 at 2.)  Under Rule 33(a)(1), "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  Fed. R. Civ. P. 33(a)(1).  Based on the number of interrogatories at issue in the instant Motion to Compel, Interrogatory No. 15 exceeds the maximum number of interrogatories allowed under the Rules. In this regard, because there does not appear to be any evidence of waiver or leave to serve additional interrogatories, the court **DENIES** MSI's Motion to Compel as to Interrogatory No. 15 of the Second Set of Interrogatories to Doosan.

D.    First Set of Requests for Production to Doosan

**Request for Production No. 7:** All communications between either Defendant and the other Defendant or any Related Party since January 1, 2013, which mention, discuss, or allude to the possibility of changing or altering the distribution system or the dealers for Doosan Infracore America Corporation in the United States.

(ECF No. 69-2 at 5.)

**Request for Production No. 30:** All documents containing proposals, suggestions, or analyses of changing or altering the dealer-distributor system of DIA in North America.

(Id. at 11.)

The Court's Ruling: As to Requests Nos. 7 and 30, the court previously ordered Defendants "to identify by Bates number, or otherwise specify, the documents responsive to Request No. 7 [and No. 30] that have already been produced . . . ."  (ECF No. 124 at 13.)

Doosan produced to MSI a list of documents identified as responsive to Requests Nos. 7 and 30. MSI asserts that it "reviewed the 149 documents identified as being responsive to Requests Nos. [] 7 and 30" and "found less than 5 out of the 149 . . . may be responsive to Request Nos. 7 and 30." (ECF No. 130-1 at 21.)  Additionally, MSI asserts that Doosan's production is obviously deficient because it does not include "analysis, memoranda, reports, agenda or notes" from the numerous meetings allegedly held between Defendants, including meetings occurring on March 3, 2015, and March 12, 2015. (Id. at 22.)  As a result, MSI requests that "Defendants should be required to respond fully to [] Requests Nos. 7 and 30 and to include the documents which were previously objected to and withheld on the grounds of relevance simply because they failed to mention either the Plaintiff or the three-state territory." (Id.)

In assessing the adequacy of Doosan's production in response to Requests Nos. 7 and 30, the court observes that there is no evidence before it that Doosan both possesses and is withholding "analysis, memoranda, reports, agenda or notes" from its meetings with Ellison. Absent some indicia that this documentation exists, the court cannot compel Doosan to produce documents they do not possess.  See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.") (Citation omitted). Therefore, the court **DENIES WITHOUT PREJUDICE** MSI's Motion to Compel as it relates to First Set of Requests for Production Nos. 7 and 30.  If MSI can substantiate the existence of "analysis, memoranda, reports, agenda or notes" regarding Defendants' meetings, the court expressly gives leave to submit such support by motion.

E.     Fifth Set of Requests for Production to Doosan

**Request for Production No. 1**: Produce the most recent Financial Statement for Defendant Doosan.

(ECF No. 130-6 at 4.)

The Court's Ruling: MSI contends that the documentation requested in Request for Production No. 1 "allow[s] an assessment of claims for punitive damages since the ability to pay is a criteria in assessing those damages." (ECF No. 130-1 at 23.) In considering the merits of this position, the court observes that MSI did not provide any authority suggesting the necessity of requiring production of sensitive financial documents before plaintiff has established the viability of his claim for punitive damages. See contra Robinson v. Quicken Loans Inc., C/A No. 3:12-0981, 2013 WL 1704839, at *4 (S.D. W. Va. Apr. 19, 2013) ("This Court agrees with those authorities requiring plaintiffs to make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records."); E.E.O.C. v. Maha Prabhu, Inc., 3:07-CV-111-RJC-DCK, 2008 WL 4126681, at *4 (W.D.N.C. July 18, 2008) (holding that tax returns are relevant to a punitive damages claim only after a plaintiff makes a prima facie showing that it is entitled to punitive damages); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993) (court deferred production of financial information until after punitive damages claim survives a motion to dismiss or for summary judgment). Therefore, the court **DENIES WITHOUT PREJUDICE** MSI's Motion to Compel as to Request for Production No. 1 of the Fifth Set of Requests for Production to Doosan. If MSI's punitive damages claim survives a summary judgment motion, it may file a renewed motion to compel production of current financial documents within seven (7) days after the filing date of any order disposing of the summary judgment motion. If no summary judgment motion is filed by the dispositive motion deadline, MSI may file a renewed motion to compel production of current financial documents within seven (7) days after that deadline. See SMD Software, Inc. v.

EMove, Inc., No. 5:08-CV-403-FL, 2010 WL 2232261, at *4 (E.D.N.C. June 2, 2010) (imposing similar protocol with respect to dispositive motions for plaintiff's pursuit of production of defendants' tax returns)

F.      Documents Not Protected by the Attorney-Client Privilege

MSI seeks an order from the court requiring Doosan to produce documents identified in its Privilege Log (ECF No. 130-4), "which it has refused to produce based on an unsubstantiated claim of attorney-client privilege."  (ECF No. 130-1 at 16.)  Doosan opposes MSI's request asserting that the Motion to Compel is improper because it failed to meet and confer regarding the Privilege Log before filing the Motion and MSI knew Doosan was going to amend the Log. (ECF No. 137 at 28–29.)

The Court's Ruling: Under Rule 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents.  Fed. R. Civ. P. 26(b)(5).  "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'"  AVX Corp. v. Horry Land Co., Inc., C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 264 (D. Md. 2008)).  "The party asserting the privilege 'must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege.'"   AVX Corp., 2010 WL 4884903, at *3 (quoting Richardson v. Sexual

Assault/Spouse Abuse Research Ctr., Inc., No. MJG-09-3404, 2010 WL 4290327, at *5 (D. Md. Oct.28, 2010)). "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015).

Upon review of Doosan's Privilege Log (ECF No. 130-4) in the context of parties' stated positions, the court finds that Doosan's log does not allow MSI or the court to test the applicability of the attorney-client privilege, work product and/or common interest protection as to each document sought to be withheld. Therefore, the court concludes that Doosan's Privilege Log is inadequate. Accordingly, the court **DENIES** MSI's Motion to Compel **WITHOUT PREJUDICE** but **ORDERS** Doosan to provide a revised privilege log on or before January 23, 2018.

G.    Documents Declared Irrelevant by Doosan

MSI makes a general request for an order requiring Doosan to produce documents withheld "on the ground of relevancy." (ECF No. 130 at 1.) These documents allegedly contain "general discussions about replacing many dealers in the United States." (Id.)

The Court's Ruling: MSI is entitled to "discovery regarding any nonprivileged matter that is relevant to [] [its] claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1). However, this request by MSI does not specify a disclosure that Doosan failed to make as required by Rule 26. Accordingly, the court **DENIES** MSI's Motion to Compel as it relates to its general request for relevant documents.

### V.  CONCLUSION

After extensive review of the parties' arguments and submissions, the court for the reasons set forth above **GRANTS IN PART AND DENIES IN PART** MSI's Motion to Compel against Defendant Doosan Infracore America Corporation.  (ECF No. 130.)  Doosan shall supplement its responses to the aforementioned discovery requests as specified in this Order on or before January 23, 2018.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 11, 2018
Columbia, South Carolina