# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Machinery Solutions, Inc. | ) | Civil Action No.: 3:15-cv-03447-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Doosan Infracore America Corporation, | ) | |
| and Ellison Technologies, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Machinery Solutions, Inc. ("MSI" or "Plaintiff") filed this action seeking damages from Defendant Doosan Infracore America Corporation ("Doosan") for terminating its dealership contract with MSI and for contracting with another distributor, Ellison Technologies, Inc. ("Ellison"). (*See generally* ECF No. 37.)

This matter is before the court on Plaintiff's Motion to Compel against Ellison (ECF No. 131).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Doosan manufacturers machine tools. (ECF No. 25-1 at 3 ¶¶ 8–9.) MSI alleges that it has had an ongoing contractual relationship with Doosan since 1997. (ECF No. 37 at 3 ¶ 17.) On February 10, 2009, Doosan sent MSI a "Letter of Understanding" or "Distributor Agreement" to outline the sale of new machine tool products in North Carolina, South Carolina, and Georgia. (ECF No. 1-1 at 22–25.) Pursuant to the terms of the Distributor Agreement, either party could terminate the agreement, at any time for any reason whatsoever, by giving the other party prior written notice of at least 30 days. (ECF No. 1-1 at 24 ¶ XIII.)

On August 21, 2015, MSI received a letter (the "August Letter") from Doosan's

1

President in which he communicated the intent of Doosan to terminate the Distributor Agreement with MSI. (*Id.* at 28-30.) The August Letter stated that MSI would have 30 days to finalize all existing projects, and, after that time, MSI must cease pursuing any future business or representing that MSI is an authorized Doosan dealer. (*Id.* at 28.) The letter also included an attachment entitled "Conduct of Business During Transition Period." (*Id.* at 29–30.) In the attachment, Doosan identified Ellison as the new Doosan dealer in North Carolina, South Carolina, and Georgia.[1] (*Id.* at 30 ¶ 6.)

On August 25, 2015, MSI filed a Complaint against Doosan and Ellison (together "Defendants") in the Court of Common Pleas for Lexington County, South Carolina. (ECF No. 1-1.) Specifically, MSI alleged claims against Defendants jointly for civil conspiracy and against Doosan singularly for breach of contract, breach of contract accompanied by a fraudulent act, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 to -560 (2014), and violation of the Fair Practices of Farm, Construction, Industrial, and Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act ("FPA"), S.C. Code Ann. § 39-6-10 to -180 (2014). (ECF No. 1-1 at 10 ¶ 32–19 ¶ 88.) Doosan removed MSI's action from state court to this court on August 27, 2015, pursuant to 28 U.S.C. § 1332 claiming that "this civil action is 'between citizens of different States' and the amount 'in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[2] (ECF No. 1 at 2 ¶ 3 (quoting 28 U.S.C. § 1332(a)(1)).) MSI then filed an Amended Complaint on October 8, 2015, alleging claims against Doosan and Ellison jointly for violation of the SCUTPA, civil

---

[1] Effective September 1, 2015, through Ellison's dealership in Charlotte, North Carolina, Ellison became a dealer for Doosan machine tools servicing customers in North Carolina, South Carolina, and Georgia. (ECF No. 26–1 at 4 ¶¶ 9–10.)

[2] In the Notice of Removal, Doosan stated that MSI had served the Complaint on Ellison, which consented to the removal "[u]pon information and belief." (ECF No. 1 at 3 ¶ 5.)

conspiracy, and interference with existing and prospective contracts (count 6); and against Doosan singularly for violation of the FPA, breach of contract and breach of contract accompanied by fraudulent act. (ECF No. 37 at 7 ¶ 36–17 ¶ 98.) On May 12, 2016, the court granted in part Ellison's Motion to Dismiss (ECF No. 42) and dismissed MSI's causes of action for violation of SCUTPA, tortious interference with existing contracts, and tortious interference with prospective contracts. (ECF No. 55 at 14.)

On July 31, 2017, MSI filed the instant Motion to Compel seeking to "compel full and proper answers and responses to the following discovery responses . . . : 1. Plaintiff's First Set of Interrogatories to Defendant Ellison 5, 8, 10, 11[;] 2. Production of documents improperly designated as Attorney-Client privilege[;] and 3. Those document[s] withheld by Defendant Ellison on the ground of relevancy claiming that general discussions about replacing many dealers in the United States are not 'relevant.'" (ECF No. 130 at 1.) Ellison filed a Response stating generally its opposition to this Motion on August 24, 2017, but it did assert that the dispute regarding Interrogatory No. 8 was moot based on additional information provided to MSI. (ECF No. 136 at 7.) On September 7, 2017, MSI filed a Reply in which it did not dispute Ellison's contention regarding Interrogatory No. 8 and further acknowledged that the privilege log issue no longer needed the court's attention. (ECF No. 144 at 5.) Additionally, on November 3, 2017, MSI filed a Notice of Partial Resolution of Motion to Compel advising the court as follows:

> Specifically, the parties have resolved the majority of issues set forth in Section I. of Plaintiff's Memorandum in Support of its Motion to Compel relating to the "Relevance of Ellison's 'Global Plan.'" (ECF No. 131-1 at 2-5). Accordingly, Plaintiff hereby withdraws its Motion to Compel as to any "Global Plan" documents, which encompasses those documents sought in connection with Interrogatory Number 5, Request to Produce Number 1, Request to Produce Number 3, and Request to Produce Number 6.

3

> The discovery disputes set forth in Section I. related to Interrogatory Number 11 still remain. Additionally, the additional discovery disputes Section II. and Section III. of Plaintiff's Memorandum in Support of its Motion to Compel (ECF No. 131-1 at 5-10) have not been resolved and remain before the Court for disposition.

(ECF No. 163.)

## II. JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. MSI is a corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (ECF No. 37 at 1 ¶ 1.) Doosan is incorporated in the State of New York and Ellison is incorporated in the State of Delaware. (*Id.* at 2 ¶¶ 5 & 7; *see also* ECF No. 1 at 2–3.) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with MSI's representation. (ECF No. 37 at 3 ¶ 11.)

## III. LEGAL STANDARD

A. <u>Discovery Generally</u>

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case. *E.g.*, *Gordon v. T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with

competent evidence.'" *Wilson v. Decibels of Or., Inc.*, Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted). A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan. Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The scope of discovery permitted by Rule[3] 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.  Motions to Compel

If a party fails to make a disclosure" required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted

---

[3] The court observes that from this point forward, "Rule" refers to the Federal Rules of Civil Procedure.

to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### IV. ANALYSIS

After the partial resolution of the dispute, MSI now seeks responses to its First Set of Interrogatories to Ellison Nos. 10 and 11. (ECF Nos. 131-1 at 4–6 & 163 at 2.) Additionally, MSI seeks production of documents containing general discussions about replacing dealers improperly withheld on the ground of relevancy. (ECF No. 131 at 1.) Upon review and consideration of the parties' respective positions (*see* ECF Nos. 131-1, 136, 144 & 163), the court adjudicates each disputed discovery request as follows:

A.  First Set of Interrogatories to Defendant Ellison

> **Interrogatory No. 10:** Describe fully all efforts you have made or are aware of wherein or whereby any supplier of parts used in manufacturing or repair of any Doosan manufactured machine tools were discouraged in any form from selling or shipping any such parts directly to customers in the United States. In the description give the identity of the people involved on both ends of the communication, the date, the substance of the communication and identify any documents related thereto. The relevant time period of this inquiry is August 1, 2015 to the present.

(ECF No. 131-2 at 7.)

The Court's Ruling: Ellison objects to Interrogatory No. 10 and argues that it is vague and seeks irrelevant information. (*Id.*)

In the Interrogatory No. 10, MSI essentially asks Ellison to identify and describe all efforts in which suppliers of parts were discouraged from selling parts directly to customers in the United States, regardless of whether Ellison discouraged the sales itself. To the extent this Interrogatory requests information regarding parties, other than Doosan or Ellison, who discouraged suppliers from directly selling parts to customers, it is overly broad, unduly burdensome, not proportional, and most likely irrelevant. In this regard, the court finds that information regarding other parties discouraging suppliers from directly selling parts would not further MSI's claim that Ellison and Doosan conspired to hinder its ability to acquire parts. However, the court finds that this Interrogatory would be proportional and relevant if it is limited to only require Ellison to disclose efforts that it took to discourage suppliers of parts, used in manufacturing or repair of any Doosan tools, to sell parts to MSI. Accordingly, the court **GRANTS IN PART** MSI's Motion to Compel a response to Interrogatory No. 10 and **ORDERS** Ellison to provide information regarding efforts it took to discourage suppliers from selling parts to MSI on or before February 8, 2018.

> **Interrogatory No. 11:** Identify any documents which reflect any calculation of profit which Ellison expected to make by way of its sale of Doosan Machine tools in the United States. "Profit" in this interrogatory shall mean the same thing as that term meant in the Declaration of Amy Odell dated September 11, 2015 filed in this action. The relevant time period for this interrogatory is January 1, 2015 through September 30, 2016.

(ECF No. 131-2 at 8.)

The Court's Ruling: Ellison objects to Interrogatory No. 11 asserting that it "has already produced nonprivileged projections and budgets related to sales of Doosan products in 2015 and

2016 in North Carolina, South Carolina, and Georgia. (*Id.*) In this regard, Ellison asserts that any additional information sought by Interrogatory No. 11 is not relevant "to any party's claims or defenses" in this matter.

In assessing the adequacy of Ellison's production in response to Interrogatory No. 11, the court observes that there is no evidence before it that Ellison both possesses and is withholding additional "documents which reflect any calculation of profit which Ellison expected to make by way of its sale of Doosan Machine tools in the United States." Absent some indicia that this documentation exists, the court cannot compel Ellison to produce documents they do not possess. See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.") (Citation omitted). Therefore, the court **DENIES WITHOUT PREJUDICE** MSI's Motion to Compel as it relates to Interrogatory No. 11. If MSI can substantiate the existence of additional "documents which reflect any calculation of profit which Ellison expected to make by way of its sale of Doosan Machine tools in the United States," the court expressly gives leave to submit such support by motion.[4]

B.  Documents Declared Irrelevant by Ellison

MSI makes a general request for an order requiring Ellison to produce documents withheld "on the ground of relevancy." (ECF No. 131 at 1.) These documents allegedly contain "general discussions about replacing many dealers in the United States." (Id.)

The Court's Ruling: MSI is entitled to "discovery regarding any nonprivileged matter that is relevant to [] [its] claim or defense and proportional to the needs of the case, . . . ." Fed. R.

---

[4] The court observes that Ellison's did not object to Interrogatory No. 11 on the basis that it is overly broad, unduly burdensome and not proportional.

Civ. P. 26(b)(1). However, this request by MSI does not specify a disclosure that Ellison failed to make as required by Rule 26. Accordingly, the court **DENIES** MSI's Motion to Compel as it relates to its general request for relevant documents.

V. CONCLUSION

After extensive review of the parties' arguments and submissions, the court for the reasons set forth above **GRANTS IN PART AND DENIES IN PART** MSI's Motion to Compel against Defendant Ellison Technologies, Inc. (ECF No. 131.) Ellison shall supplement its response to Interrogatory No. 10 of the First Set of Interrogatories as specified in this Order on or before February 8, 2018.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 26, 2018
Columbia, South Carolina